# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH COLEMAN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:05CV00740 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

On May 10, 2005, Movant filed his Motion to Vacate, Set Aside, or Correct Sentence [doc. #1]. On May 13, 2005, the Government filed its Response in Opposition to the Motion [doc. #4]. In its Response, the Government states that Movant's current Motion constitutes a successive § 2255 application. The Government requests that the Court transfer this action to the Court of Appeals pursuant to 28. U.S.C. § 1631 so that the Court of Appeals can determine whether the successive application meets the statutory requirements for consideration by this Court.

Movant, along with Orlando Willis and Andre Worthy, was indicted on a number of counts, including conspiracy to commit armed bank robbery, attempted bank robbery, and the use of a firearm in relation to a crime of violence, in case number 4:01CR00296 ERW ("the bank robbery case"). Movant was found guilty on all counts following a jury trial and was sentenced to 709 months in prison. Movant was also indicted on drug and firearm charges in case number 4:01CR00470 ERW ("the drug case"). Movant entered a guilty plea on the drug charge pursuant to a written Plea Agreement and Stipulation of Facts Relative to Sentencing. In exchange for his guilty plea, the Government dismissed the firearm charge. Movant was sentenced to twelve months in prison, to be

1

served concurrently with his sentence in the bank robbery case. Thereafter, Movant appealed his conviction and sentence in the bank robbery case. The Eighth Circuit denied all of Movant's points on appeal and affirmed the judgment of this Court. *United States v. Coleman*, 349 F.3d 1077 (8th Cir. 2003). On July 16, 2003, Movant filed a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, seeking to vacate, set aside, or correct his sentence in the drug case. On February 27, 2004, the Court denied Movant's requested relief.

In his current Motion, Movant contests his conviction in the bank robbery case, raising two grounds for relief: (1) his conviction was the result of an illegal arrest, invalid search warrant, and illegal execution of the search warrant; and (2) he had ineffective assistance of counsel. The Government acknowledges that Movant's Motion appears to attack the bank robbery conviction, but states that the Motion "goes to the drug case as well." The Government further states that Movant has previously filed a motion under § 2255 attacking his convictions in both the drug case and the robbery case. The Government points out that, in case number 4:03CV00957 ERW, Movant raised many of the same arguments he makes in the current Motion.

A review of Movant's § 2255 Motion in case number 4:03CV00957 reveals that he did, in fact, complain that he had been subjected to an illegal arrest and invalid and illegal search. Specifically, in reviewing the drug case Motion, the Court noted that it was difficult to determine the grounds upon which Movant was basing his motion for post-conviction relief. The Court concluded that Movant was claiming that his counsel was ineffective because he failed to advise Movant that there were grounds upon which to challenge the arrest, the search warrant, and the way in which the search warrant was executed. The Court found that there was no evidence to support Movant's ineffective assistance of counsel claim. The Court then noted that Movant also appeared to want the

2

Court to review the legality of his arrest, the search warrant for his house, and the manner in which the search warrant was executed. The Court found it could not consider these issues because they did not pertain to the nature of his counsel's advice or the voluntariness of his plea. The Court further noted that Movant had already raised, or had the opportunity to raise, the same issues on direct appeal of the bank robbery case. *See* Feb. 27, 2004 Order, Case Number 4:03CV00957.

Although Movant's drug case Motion did raise issues related to the arrest and search of which he now complains, the current Motion is not truly a successive § 2255 Motion. In the drug case Motion, Movant's grounds for relief and focus of attack were somewhat difficult to decipher; however, the Court construed the Motion as one specifically attacking the drug case conviction. In the current Motion, Movant attacks his conviction in the robbery case. Though he does raise some of the same arguments he previously raised, the arguments pertain to a different and separate conviction. Therefore, contrary to the Government's argument, the Court cannot construe the current Motion as a successive § 2255 Motion. The current Motion constitutes Movant's first attempt to attack his conviction in the bank robbery case through a § 2255 proceeding. To the extent that Movant's arguments regarding the legality of his arrest and the search are procedurally defaulted or otherwise improperly before the Court, the Court can rule accordingly when it considers the merits of Movant's Motion.

Because the Court will decline to construe the current Motion as a successive § 2255 Motion, the Court will permit the Government additional time to respond to the merits of Movant's claims. In addition, Movant has filed numerous ancillary motions along with his § 2255 Motion. The Court also will allow the Government additional time in which to file any response in opposition to these ancillary motions.

Accordingly,

**IT IS HEREBY ORDERED** that the Government shall file its response to Movant's Motion Pursuant to 28 U.S.C. § 2255 [doc. #1] no later than **July 27, 2005**.

**IT IS FURTHER ORDERED** that the Government shall file any response in opposition to all other pending motions [doc. # 2, 3, 10, 11, 12, 17, 18, 19, 21] no later than **July 27, 2005**. Movant Coleman shall file any reply thereto within **FIVE (5)** days of the Government's response.

Dated this 27th day of June, 2005.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE