UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH COLEMAN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 4:05CV00740 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| ANDRE WORTHY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 4:05CV00791 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Kenneth Coleman's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1], filed on May 10, 2005, and Andre Worthy's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1], filed on May 18, 2005.[1] The Government has filed its

---

[1] Worthy requested that he be permitted to supplement his Motion on September 15, 2005 [doc. #17]. His request was granted on September 19, 2005. The Government subsequently responded to Worthy's Supplement. The Court will consider both the original Motion and the Supplement, as well as the responses thereto. However, the Court notes that the Supplement does not contain any new grounds for relief. At best, the Supplement expands upon an argument made in the original Motion.

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Response to both Motions, and Movants have filed their Traverses.

## I. BACKGROUND FACTS

Beginning in approximately December 1999, a series of bank robberies took place in the St. Louis area. These robberies involved abductions of bank managers at gun point and the restraining of family members of the bank managers in their homes. A masked person, with the threat of force, would hold family members in their residences until the respective banks were relieved of liquid assets. In 2001, Kenneth Coleman and Andre Worthy (collectively, "Movants") were indicted in the Eastern District of Missouri in connection with the bank robberies. *See United States v. Coleman et al.*, No. 4:01CR00296 ERW.[2] Movants, who were represented by separate appointed counsel, made a variety of pretrial motions. A Magistrate conducted pretrial hearings during which pertinent search warrants, searches, and arrests were challenged on a variety of grounds. The Magistrate issued recommendations with respect to these challenges, and those recommendations were adopted by this Court. Following a jury trial, Movants were found guilty on all counts. Coleman was sentenced to 709 months in prison, and Worthy was sentenced to 444 months in prison. On direct appeal of their convictions, Movants raised numerous issues, including the Court's refusal to suppress evidence obtained as the result of certain searches and the denial of a motion for a hearing under *Franks v.*

---

[2]Another suspect, Orlando Willis, was also eventually indicted in connection with the bank robberies.

At this time, Coleman and his girlfriend, Jacqueline Scott, also were charged with possession with intent to distribute marijuana. *See United States v. Coleman et al.*, 4:01CR00470 ERW. This offense was charged in a separate indictment, but arose from marijuana found at Coleman's residence when it was searched pursuant to a search warrant issued in the bank robbery investigation. After he was convicted of the bank robbery-related charges, Coleman pled guilty to the drug charge and received a twelve month sentence. On July 16, 2003, Coleman filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody with respect to his drug conviction in 4:01CR00470 ERW. On February 27, 2004, Coleman's Motion was denied.

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*Delaware*, 438 U.S. 154 (1978).[3] The Eighth Circuit rejected Movants' arguments on appeal and affirmed the convictions and the sentences imposed by the Court. *United States v. Coleman*, 349 F.3d 1077 (8th Cir. 2003). Now, Movants have timely filed Motions under 28 U.S.C. § 2255, challenging their convictions.

## II. STANDARDS FOR RELIEF UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). Thus, a "petitioner is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [petitioner] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an

---

[3]These challenges were summarized by the Eighth Circuit:

> Appellants first challenge the district court's refusal to suppress the results of the searches of Coleman's house and of the U-Store It locker. They initially argue that the searches should have been suppressed because the warrants were not supported by probable ca[u]se. They additionally contend that the search of Coleman's house should have been suppressed because the search warrant's supporting affidavit contained deliberate or reckless falsehoods and omissions, which rendered the warrant void under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

*United States v. Coleman*, 349 F.3d 1077, 1082 (8th Cir. 2003).

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043; *see also Blankenship v. United States*, 159 F.3d 336, 337 (8th Cir. 1998) (petition may be dismissed without a hearing if allegations, accepted as true, would not entitle petitioner to relief, or allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

A § 2255 movant's claims may be limited by procedural default. Claims that were raised and decided on direct appeal ordinarily cannot be relitigated in a § 2255 Motion.[4] *U.S. v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). Moreover, a petitioner "cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Even constitutional or jurisdictional claims that could have been raised on direct appeal but were not are procedurally defaulted unless the petitioner can demonstrate either cause for the default and actual prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997).

## III. DISCUSSION

The Court initially notes that Movants' claims can be conclusively determined based upon the Motions, the files, and the records of the case. Therefore, no evidentiary hearing will be held. *See Shaw*, 24 F.3d at 1043.

---

[4]An exception to this general prohibition exists only where the alleged error constitutes a fundamental defect that inherently results in the complete miscarriage of justice. *United States v. Manko*, 772 F.2d 481, 482 (8th Cir. 1985); *see also Wiley*, 245 F.3d at 752 (exception recognized only when movant produces convincing new evidence of actual innocence).

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

### A. Coleman's § 2255 Claims

Coleman's Motion raises both substantive claims and claims based on ineffective assistance of counsel. First, Coleman argues that the affidavit prepared by Detective Klobe ("Klobe Affidavit"), which formed the basis for issuing the search warrant for his home at 5034 Bulwer ("Bulwer residence"), contained falsehoods and omissions and did not support a conclusion that there was probable cause to search the Bulwer residence. Second, Coleman states that the Bulwer warrant was illegally executed. Next, he claims that his warrantless arrest was not supported by probable cause. Fourth, Coleman makes an argument related to his standing to challenge the searches from which the evidence in this case was obtained. Finally, he argues that his counsel was ineffective for a variety of reasons.

#### 1. *Procedural Default*

Coleman's first three grounds for relief do not provide a basis for the relief he seeks because they are procedurally defaulted. First, in Ground One, Coleman argues that the Klobe Affidavit contained falsehoods and omissions which misled the Magistrate who issued the search warrants. The arguments made with respect to Ground One were raised on direct appeal and rejected by the Eighth Circuit. *See Coleman*, 349 F.3d at 1083-85.[5] Second, in Ground Two, Coleman states that the manner in which officers entered the Bulwer residence was "legally unjustified" because they violated the "knock and announce" rule. This argument was raised on direct appeal by Coleman in his *pro se* brief,

---

[5]The Eighth Circuit found both that Coleman had failed to establish Klobe recklessly included false statements or excluded true statements and that, even without the challenged material, there was sufficient probable cause to support the warrants. *Coleman*, 349 F.3d at 1083-84. The Eighth Circuit concluded that the Klobe Affidavit "was truthful within the meaning of *Franks*, and the district court did not commit error when it refused to hold a hearing on this issue. *Id.* at 1085.

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

and the Eighth Circuit rejected his claim.[6] *Id.* at 1082 n.3. Finally, in Ground Three, Coleman states that the police lacked probable cause to arrest him without a warrant. Coleman raised this argument in his *pro se* brief on direct appeal. The Eighth Circuit did not directly address his argument, but its affirmance of his conviction demonstrates the court's rejection of Coleman's claim that his arrest was illegal.[7]

Claims that were raised and decided on direct appeal ordinarily cannot be relitigated in a § 2255 Motion. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). An exception to this general prohibition exists only where the alleged error constitutes a fundamental defect that inherently results

---

[6]The Court notes that the Eighth Circuit apparently believed that this issue had not been raised below and therefore reviewed it for plain error. However, it appears that the issue of the manner in which the warrant was executed was in fact raised during the pretrial proceedings and was addressed by the Magistrate.
    Even if Ground Two was not procedurally defaulted, it nonetheless provides no basis for relief because it is without merit. "In order to justify a 'no-knock' entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." *Richards v. Wisconsin*, 520 U.S. 385, 394 (1997). As the Magistrate found in considering this argument prior to trial, "given the violent nature of these offenses, and the other substantial evidence of weapons and grenade launchers being possessed by the defendants, . . . the warrant was lawfully executed." Gov't Ex. C at 62. Coleman's claim that the execution of the search warrant was unlawful is clearly refuted by the record and the law applicable to this case.

[7]The Eighth Circuit's failure to directly address Coleman's argument that his arrest was not supported by probable cause is likely due to the fact that the argument was presented along with Coleman's argument that the Bulwer search was illegal. The Bulwer search argument spans several pages, but only two sentences of those pages appear to address the allegedly unlawful arrest.
    Even if Coleman's claim was not procedurally defaulted, it nonetheless provides no basis for relief because it is without merit. As the Magistrate correctly found, there was probable cause to arrest Coleman. There were ample facts demonstrating at least a "fair probability" that Coleman had committed bank robberies and was involved in a conspiracy to commit bank robberies. *See* Gov't Ex. D. Coleman's claim that there was not sufficient probable cause supporting his arrest is clearly refuted by the record and the law applicable to this case.

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

in the complete miscarriage of justice. *United States v. Manko*, 772 F.2d 481, 482 (8th Cir. 1985). With regard to Grounds One through Three, Coleman alleges no facts which might excuse his procedural defaults. Moreover, his arguments are without merit, as demonstrated by the record and law applicable to this case. Thus, Grounds One through Three provide no basis for relief.

    2.    *Ground Four: Standing*

Coleman's fourth ground for relief is difficult to decipher. He states that his "Fourth Amendment rights were violated by the searches and seizures" of certain items. He also makes conflicting arguments regarding whether he had standing to challenge the legality of the seizures. Ground Four contains no factual statements that demonstrate why Coleman believes he is entitled to relief. In any event, Coleman did have standing to challenge the searches undertaken in his case, and he was permitted to challenge those searches. The record demonstrates that Coleman's challenges to the searches were considered by the Magistrate, this Court, and the Eighth Circuit. Thus, Ground Four, to the extent it contains a cognizable argument, is without merit.[8]

    3.    *Ground Five: Ineffective Assistance of Counsel*

Coleman raises a number of arguments with respect to his ineffective assistance of counsel claim. In *Strickland v. Washington*, the United States Supreme Court held that a showing of

---

[8] In his Traverse, Coleman attempts to clarify his argument with respect to Ground Four. There, he states that he is not arguing that he was denied standing to challenge the search of the Bulwer residence, the van, or the storage locker. Instead, he states that he is claiming his counsel was ineffective for failing to investigate and establish his standing to challenge the seizure of "Exhibit 143 K, M, and N" and for failing to challenge the admissibility of these exhibits. The exhibits to which Coleman refers are two receipts and a AAA membership card. Coleman does not state the basis upon which he believes these items should have been excluded, nor has he alleged facts which might demonstrate that the exclusion of these items would have altered the outcome in this case. Even without these items, the evidence against Coleman remains overwhelming. Coleman's undeveloped argument with respect to Exhibits 143 K, M, and N clearly fails under *Strickland* and provides no basis for relief.

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

ineffective assistance of counsel requires a petitioner to demonstrate: (1) that counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment"; and (2) that "counsel's deficient performance prejudiced the defense." 466 U.S. 668, 687 (1984). To prove ineffective assistance of counsel under the first prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. When evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Even if sufficient proof of the first prong exists, relief may only be obtained if a petitioner also proves that counsel's deficient performance prejudiced the case. *Id.* at 697. To prevail on the second prong, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Court may address the two *Strickland* prongs in any order, and, if the petitioner fails to make a sufficient showing on one prong, the Court need not address the other prong. *See Strickland*, 466 U.S. at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) ("If we can answer 'no' to either question, then we need not address the other part of the test.").

First, Coleman argues that trial counsel was ineffective because he "allowed" illegally obtained evidence to be introduced to the jury. This argument is refuted by the record. The record demonstrates that trial counsel properly challenged the evidence prior to its admission and that it was determined that the evidence was legally obtained. Second, Coleman argues that counsel failed to present to the Court or the Eighth Circuit the factual information Coleman now presents in his § 2255

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Motion[9] and that counsel did not inform him of the decision not to present the information. In this regard, Coleman states that trial counsel was ineffective for failing to question Coleman or Worthy regarding whether Coleman was operating the van at the Hickory and Bulwer addresses and for failing to perform a criminal history check on Coleman. According to Coleman, both measures would have permitted counsel to disprove the Klobe Affidavit. This line of argument is without merit. Taking the allegations as true, even if Coleman could demonstrate that a failure to discover and present the alleged "factual" information regarding whether he was driving the van and whether he has a criminal history was objectively unreasonable, he completely fails to demonstrate any resulting prejudice. The Eighth Circuit concluded that there was sufficient probable cause even if the statements of which Coleman complains were set aside.[10] *See Coleman*, 349 F.3d at 1084. Thus, this argument fails under *Strickland*.

Third, Coleman argues that trial counsel failed to adequately research the law which would have revealed the illegality of the "no-knock" entry into the Bulwer residence. This argument is without merit because the execution of the search warrant at the Bulwer residence was determined to

---

[9]Coleman does not specifically identify which information he believes was missing, instead claiming that trial counsel was required to write a memorandum "which contained the information in this motion." Mov.'s Mem. at 21.

[10]Coleman appears to believe that effective assistance of counsel would have led to a Franks hearing, which he believes would have led to a finding that the Klobe Affidavit violated Franks. As explained by the Eight Circuit, to prevail on a *Franks* challenge, Coleman would first need to establish that Klobe deliberately or recklessly included a false statement (or omitted a truthful statement) in his warrant affidavit. *Franks*, 438 U.S. at 155-56; *United States v. Searcy*, 181 F.3d 975, 980 n.9 (8th Cir. 1999). Assuming he could make such a showing, Coleman would still have to demonstrate that the "false statement was necessary to the finding of probable cause." *Franks*, 438 U.S. at 155. As the Eighth Circuit pointed out, Coleman cannot establish that Klobe recklessly included false statements or excluded true ones. *Coleman*, 349 F.3d at 1083. Moreover, the record indicates that the facts concerning the operation of the van and the surveillance on Bulwer were fully developed at the hearings before the Magistrate prior to trial.

9

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

be legal. Coleman has failed to demonstrate how different research would have changed that result. Next, Coleman states that trial counsel was ineffective for failing to investigate his standing to challenge the seizure of certain evidence. As the Court has already established, this argument provides no basis for relief. Coleman did have standing to challenge the evidence, and his counsel did challenge the evidence prior to its admission at trial. Coleman has failed to demonstrate how a different investigation would have changed the result. Fifth, Coleman contends that counsel was ineffective because counsel was "willing to allow" him to plead guilty in this case. This argument is without merit. Taking the allegation as true and assuming *arguendo* that Coleman can establish such advice fell below an objectively reasonable standard of care, Coleman cannot demonstrate any prejudice because he did not in fact plead guilty in this case. Next, Coleman states that his counsel was ineffective because "[t]he only defense that counsel presented at trial was his closing argument." Coleman Mem. at 23. This argument is both conclusory and without merit. It is clear from the record that counsel provided a consistent defense throughout these proceedings, advocating on Coleman's behalf and objecting to evidence when there was an arguably reasonable basis for doing so.

     Finally, Coleman claims that his counsel was ineffective on direct appeal. Specifically, Coleman states that counsel (1) failed to address the "various violations" contained in the current § 2255 Motion; (2) failed to provide the court with information that would have permitted the court to hold that *Franks* had been violated; and (3) failed to file a Rule 40 Motion, which would have notified the court that it "overlooked the proof" in Coleman's *pro se* brief that *Franks* had been violated. Coleman's arguments with respect to counsel's performance on direct appeal are without merit and provide no basis for relief. Coleman's arguments center around what he perceives to be a deficient attempt by counsel to address the alleged *Franks* violations. The record indicates that counsel did

10

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

raise 23 specific claims of false statements or material omissions in the Klobe Affidavit. Moreover, Coleman himself raised his own arguments with respect to the Klobe Affidavit in his *pro se* brief, which was considered by the Eighth Circuit. The Eighth Circuit concluded that "Klobe's affidavit was truthful within the meaning of *Franks*, and the district court did not commit error when it refused to hold a hearing on this issue." *Coleman*, 349 F.3d at 1085. Coleman has failed to demonstrate that his appellate counsel erred in any respect or that he was prejudiced as a result of the alleged errors.

In sum, Coleman's § 2255 Motion fails to support his claim that his attorney's performance was defective in any respect and fails to establish that he was prejudiced by any error on the part of his attorney. Thus, Ground five does not provide any basis for relief.

    B.    <u>Worthy's § 2255 Claims</u>

Worthy asserts five separate grounds in support of his § 2255 Motion, all of which center on his counsel's alleged deficient performance. In evaluating Worthy's claims, the Court is guided by the principles set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), as explained in Part A3, above.

    1.    *Grounds One and Two: Klobe Affidavit and Fourth Amendment Claim*

In Ground One, Worthy argues that his counsel failed to investigate the charges against him and failed to prepare a defense. According to Worthy, had a proper investigation been performed, counsel would have discovered that the Klobe Affidavit was untruthful, and counsel could have challenged the search warrants. Worthy also argues that counsel was ineffective in failing to develop a record concerning his alleged standing to challenge the search of the Bulwer residence and the storage lockers. This argument is without merit. Worthy fails to allege facts which, if true, would provide him with standing to challenge the searches, and he fails to allege what further "record"

11

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

counsel should have developed in this regard. Counsel's decision not to move to suppress the evidence to which Worthy appears to refer was objectively reasonable. Unlike Coleman, Worthy lacked standing to make the challenges he complains should have been made. *See Coleman*, 349 F.3d 1082 n.4.[11] Counsel cannot be faulted for failing to raise meritless arguments. *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994). Further, Worthy cannot show resulting prejudice because, as the Eighth Circuit found on direct appeal, the Klobe Affidavit was truthful within the meaning of *Franks*.

In Ground Two, which is closely related to Ground One, Worthy argues that counsel was ineffective for failing to litigate his "Fourth Amendment claim." In support of Ground Two, Worthy includes a verbatim recitation of a portion of Coleman's § 2255 Memorandum regarding the alleged falsehoods and omissions in the Klobe Affidavit, the execution of Bulwer warrant, the legality of the arrests, and standing. As the Court has already explained, these arguments are without merit and fail under *Strickland*. Counsel is not ineffective for failing to raise meritless arguments. *Rodriguez*, 17 F.3d at 226. Accordingly, neither Grounds One or Two provide a basis for relief.

    2.    *Ground Three: Standing*

Ground Three, labeled "Sixth Amendment Violation in 4:01CR296 ERW," is challenging in its comprehension. Worthy first contends that counsel was ineffective for failing to effectively litigate his "only line of defense." Worthy then repeats some of the same arguments raised in Ground Two.

---

[11]On appeal, the Eighth Circuit considered the arguments of Worthy, Coleman, and Willis, together. In its discussion, the court noted that Worthy and Willis lacked standing to challenge the search of Coleman's house, citing *United States v. Padilla*, 508 U.S. 77, 78 (1993). The court further noted that, because the locker was leased in Willis's name, it would consider the arguments raised by Willis with respect to the storage locker. *Coleman*, 349 F.3d at 1082 n.4. Thus, the Eighth Circuit confirmed that Worthy did not have standing to challenge the search of Coleman's house or the storage lockers.

12

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

To the extent Ground Three repeats the arguments contained in Ground Two, those arguments fail for the reasons already explained. Worthy's main contention appears to be that he believes his counsel was ineffective for failing to establish that he had standing to challenge the searches of the Bulwer residence, the van, and the storage locker. Worthy seems to argue that, had his counsel asked certain questions or researched certain topics, counsel would have been able both to establish that Worthy had standing to challenge the searches and succeed in suppressing the challenged evidence. However, as the Court has already explained, the Eighth Circuit confirmed that Worthy did not have standing to make the challenges. Counsel was not ineffective under *Strickland*, and Ground Three provides no basis for relief.[12]

        3.     *Ground Four: Issues Raised on Appeal*

Worthy contends that counsel was ineffective because the only issue raised on appeal was Worthy's sentence, an issue Worthy contends was clearly weaker than the issues identified by Worthy in his § 2255 Motion. Worthy concludes that, had counsel raised the issues Worthy now raises in his § 2255 Motion, the case would have been reversed, remanded, and dismissed. As the Court has explained, Worthy's arguments are without merit, and he suffered no prejudice from counsel's alleged failures to raise them. Counsel cannot be faulted for failing to raise meritless arguments. Rodriguez, 17 F.3d at 226. Further, Worthy fails to establish any other issues his counsel should have raised that would have been successful in attacking his conviction. Ground Four provides no basis for relief.

---

[12]Worthy also states that the "unreasonableness" of counsel's action is "bolstered" by the defense presented by counsel at trial. Worthy does not include any specific information which might support a conclusion that counsel was ineffective in presenting a defense on his behalf. In any event, the record reveals that counsel did present a constitutionally adequate defense, and there is no indication that counsel's representation was defective in this regard.

13

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

4. *Ground Five: Speedy Trial Rights*

In Ground Five, Worthy claims that his counsel was ineffective for failing to challenge the violation of his speedy trial rights. This argument is without merit because Worthy has failed to demonstrate that his speedy trial rights were violated in this case. Counsel is not ineffective for failing to raise meritless arguments.[13] *Rodriguez*, 17 F.3d at 226.

C. <u>Other Related Motions</u>

Movants have filed numerous other motions in which they make various requests related to their § 2255 claims. Specifically, Coleman has filed the following motions: Motion for Discovery [doc. #2],[14] Motion to Disqualify Judge [doc. #3],[15] Motion for the Production of Documents [doc.

---

[13]Worthy was initially arrested in June 2001 and, at that time, he was indicted on a charge of felon in possession of a firearm. On August 15, 2001, he entered a plea of guilty and was subsequently sentenced by Judge Jackson to a term of 40 months in prison. *See United States v. Worthy*, 4:01CR00278 CEJ. On November 8, 2001, a superseding indictment was issued in the bank robbery case, bringing charges against Worthy. An arrest warrant for Worthy was issued on November 8, 2001 in the bank robbery case. On November 20, 2001, Worthy filed motions to suppress certain statements and certain evidence. The Magistrate ruled on the merits of those motions on January 31, 2002. This Court adopted the Magistrate's recommendation on February 11, 2002. A jury trial began on February 11, 2002. The Court also notes that Worthy, through his counsel, agreed to continuing the trial date to February 11, 2002. No Speedy Trial Act violations occurred.

[14]Coleman makes a variety of requests, all of which are denied:
First, Coleman requests that the record in this case be expanded to include the record in 4:01CR296 ERW (the bank robbery action) and 02-2992 (the direct appeal). The Court routinely considers the motion, files, and records of the case. Therefore, this request is moot.
Second, Coleman requests that certain documents from these cases be "produced." The documents to which Coleman refers are already part of the record considered by the Court and there is no need for them to be produced by anyone. Therefore, this request is moot.
Third, Coleman requests that he be permitted to submit interrogatories to Ronald Jenkins. He has not demonstrated a need for such interrogatories, and his request is denied.
Fourth, Coleman requests that the Court expand the record to include certain receipts. This request is related to his request to obtain copies of these receipts from the Government. Because the request to obtain copies of the receipts is denied, the request that the record be expanded to include those receipts is moot.

14

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

#10],[16] Pro Se Motion to Expand Record [doc. #11],[17] Motion for Leave to Obtain Interrogatories from Ronald Jenkins [doc. #12],[18] Motion for Hearing [doc. #17],[19] Motion for Leave of Court to Obtain Copies of Bates Stamped Page Receipts in 4:01CR296 ERW from the AUSA [doc. #18],[20] Motion for

---

      Fifth, Coleman requests that the Court order that a *Franks* hearing take place. This request has already been denied by this Court and affirmed by the Eighth Circuit, and the request again is denied.
      Sixth, Coleman requests that the Court expand the record to include "admissions" made by the Government in certain briefing in response to his § 2255 Motion in the drug case. Contrary to Coleman's argument, no rule of civil procedure provides authority for his request, and the request is denied.
      Seventh, Coleman requests that the Court order the production of documents referred to on certain docket sheets. The documents to which Coleman refers are already available to the Court, and the Court need not order that they be produced. Thus, the request is moot.
      Finally, Coleman requests leave to obtain copies of certain receipts from the Government. Coleman has not demonstrated a need for these receipts nor has he demonstrated that these receipts are necessary for a proper resolution of his current § 2255 claims. Therefore, his request is denied.

[15]Coleman requests that E. Richard Webber disqualify himself from presiding over this action. Coleman has not provided factual allegations warranting the disqualification he seeks, and his request is denied.

[16]Coleman repeats his request that the Court order the production of documents referred to on certain docket sheets. This Motion again is denied. *See supra* note 14.

[17]In support of his disqualification motion, Coleman requests that the record in this case be expanded to include documents filed in other actions so that the Court might review the "grounds/facts" that support the motion. The motion to disqualify is deficient on its face, and Coleman has failed to demonstrate the necessity of expanding the record in the manner he proposes. Accordingly, the request is denied.

[18]Coleman repeats his request that he be permitted to submit interrogatories to Ronald Jenkins. This request again is denied. *See supra* note 14.

[19]Coleman repeats his request that the Court order that a *Franks* hearing take place. This request again is denied. *See supra* note 14.

[20]Coleman repeats his request to obtain copies of certain receipts from the Government. This request again is denied. *See supra* note 14.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Leave to Expand the Record to Include the Bates Stamped Receipts from 4:01CR296 [doc. #19],[21] Motion for Sanctions [doc. #21],[22] Motion for Leave to Expand Record [doc. #27],[23] Motion for Leave to Expand the Record [doc. #29],[24] Pro Se Motion Pursuant to Rule 8(a) of 2255 Proceedings [doc. #42],[25] Pro Se Motion to Expand the Record to Include Admissions Made by the AUSA in 4:05CV740 ERW [doc. #43],[26] and Motion for Sanctions [doc. #49].[27] In addition, Worthy has filed the following motions: Motion for Discovery [doc. #2],[28] Motion to Supplement [doc. #3],[29] Motion for Hearing

---

[21]Coleman repeats his request that the record be expanded to include certain receipts. The request again is denied. *See supra* note 14.

[22]Coleman requests that the Court sanction the Government for arguing that his § 2255 Motion constitutes a second or successive habeas petition. Coleman has failed to demonstrate that sanctions are appropriate, and the request is denied.

[23]Coleman repeats his request that the record in this case be expanded to include certain "admissions" by the Government. This request again is denied. *See supra* note 14.

[24]Coleman requests that the record be expanded to include the appendix filed with his § 2255 Motion. The record already includes this appendix by virtue of it being filed in this case. Thus, the motion is moot.

[25]Coleman requests that the Court hold a hearing because the files and motions in this case do not conclusively show he is entitled to no relief. The Court has found that Coleman's claims can be conclusively determined based upon the motions, files, and records of this case. Therefore, no hearing need be held, and the request for a hearing is denied.

[26]Coleman repeats his request that the record be expanded to include "admissions" by the Government. This request again is denied. *See supra* note 14.

[27]Coleman requests that the Court sanction Steven Holtshouser. Coleman has not presented facts warranting sanction, and his request is denied.

[28]Worth makes a variety of requests, all of which are denied:
First, Worthy requests leave to submit interrogatories to Robert Herman. Because he has not demonstrated a need for such interrogatories or that such interrogatories might permit him to prevail on his claims, his request is denied.
Second, Worthy requests that parts of the record in the bank robbery case and the direct appeal be "produced." The Court routinely considers the motion, files, and records of the case, and there is no need for such documents to be produced by anyone. Therefore, this request is

16

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

[doc. #4],[30] Motion to Disqualify Judge [doc. #5],[31] Motion for Relief [doc. #9],[32] Motion to Compel

---

moot.

    Third, in support of his disqualification motion, Worthy requests that the record in this case be expanded to include documents filed in other actions so that the Court might review the "grounds/facts" that support the motion. The motion to disqualify is deficient on its face, and Worthy has failed to demonstrate the necessity of expanding the record in the manner he proposes. Accordingly, the request is denied.

[29]Worthy makes a variety of requests, all of which are denied:

    First, Worthy requests that the record be expanded to include the record in the bank robbery case and the direct appeal thereof. The Court routinely considers the motion, files, and records of the case, and the request is moot.

    Second, Worthy requests that the record be expanded to include certain receipts. This request is related to his request to obtain copies of these receipts from the Government. Because the request to obtain copies of the receipts is denied, the request that the record be expanded to include those receipts is moot.

    Third, Worthy requests that the record be expanded to include an appendix. The record already includes this appendix by virtue of it being filed in this case. Thus, the motion is moot.

    Fourth, Worthy requests that the Court expand the record to include "admissions" made by the Government. No rule of civil procedure provides authority for his request, and the request is denied.

    Fifth, Worthy repeats his request for an expansion of the record in support of his disqualification motion. The request again is denied. *See supra* note 28.

    Finally, Worthy requests leave to obtain certain receipts from the Government. Worthy has not demonstrated a need for these receipts nor has he demonstrated that these receipts are necessary for a proper resolution of his current § 2255 claims. Therefore, his request is denied.

[30]Worthy requests that the Court order that a *Franks* hearing take place. This request has already been denied by this Court and affirmed by the Eighth Circuit, and the request again is denied.

[31]Worthy requests that E. Richard Webber disqualify himself from presiding over this action. Worthy has not provided factual allegations warranting the disqualification he seeks, and his request is denied.

[32]Worthy requests that he be permitted to have a subpoena served to obtain records of visitation at Jennings Jail. Worthy has not demonstrated a need for such records, and his request is denied.

17

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

[doc. #15],[33] Motion for Leave to Expand the Record [doc. #19],[34] and Motion for Hearing [doc. #20].[35]

The Court has determined that all of Movants' § 2255 claims are without merit based on the motions, records, and law applicable to this case. Movants have failed to demonstrate that the numerous requests they have made in connection with the filing of their § 2255 Motions would lead to any information which might permit them to make out successful § 2255 claims. Thus, as further explained in the footnotes contained in this Section, each of these motions is denied.

## IV.  CONCLUSION

Movants have failed to demonstrate that their sentences were imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose the sentences, or that the sentences were in excess of the maximum authorized by law. Thus, their § 2255 claims fail, and they are not entitled to the relief they seek.

## V.  CERTIFICATE OF APPEALABILITY

The Court finds that Movants have not made substantial showings of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the

---

[33]Worthy requests that the Court compel Robert Herman to answer certain interrogatories. This request again is denied. *See supra* note 28.

[34]Worthy requests that the Court expand the record to include "admissions" made by the Government in their brief in response to his § 2255 Motion. The authority upon which Worthy relies in support of his Motion is inapplicable, and his request is denied.

[35]Worthy requests that the Court hold a hearing because the files and motions in this case do not conclusively show he is entitled to no relief. The Court has found that Worthy's claims can be conclusively determined based upon the motions, files, and records of this case. Therefore, no hearing need be held, and the request for a hearing is denied.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

"issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue certificates of appealability as to any claims raised in Movants' § 2255 Motions.

Accordingly,

**IT IS HEREBY ORDERED** that Kenneth Coleman's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** Andre Worthy's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue certificates of appealability as to any claim raised in Movants' § 2255 Motions.

**IT IS FURTHER ORDERED** that the following motions filed by Kenneth Coleman are **DENIED**: Motion for Discovery [doc. #2], Motion to Disqualify Judge [doc. #3], Motion for the Production of Documents [doc. #10], Pro Se Motion [doc. #11], Motion for Leave to Obtain Interrogatories from Ronald Jenkins [doc. #12], Motion for Hearing [doc. #17], Motion for Leave of Court to Obtain Copies of Bates Stamped Page Receipts in 4:01CR296 ERW from the AUSA [doc. #18], Motion for Leave to Expand the Record to Include the Bates Stamped Receipts from 4:01CR296 [doc. #19], Motion for Sanctions [doc. #21], Motion for Leave [doc. #27], Motion for Leave [doc. #29], Pro Se Motion Pursuant to Rule 8(a) of 2255 Proceedings [doc. #42], Pro Se Motion to Expand the Record to Include Admissions Made by the AUSA in 4:05CV740 ERW [doc. #43], and Motion for Sanctions [doc. #49].

**IT IS FURTHER ORDERED** that the following motions filed by Andre Worthy are **DENIED**: Motion for Discovery [doc. #2], Motion to Supplement [doc. #3], Motion for Hearing [doc.

19

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

#4], Motion to Disqualify Judge [doc. #5], Motion for Relief [doc. #9], Motion to Compel [doc. #15], Motion for Leave to Expand the Record [doc. #19], and Motion for Hearing [doc. #20].

Dated this 10th day of November, 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com